We'll call the next case, which is Bibbs et al. v. Trans Union. Mr. Weisbord, good to see you, sir. Good to see you, your honors, and may it please the court, my name is... Hold on, just... Oh, I'm sorry. Mr. Weisbord, let your colleague get settled there. Thank you. Counsel ready? Mr. Weisbord. May it please the court, my name is Matthew Weisbord and this is Consolidated Appeals. I represent the appellants as appellate counsel. I'd like to bring to this court's attention the grounds for which we will be arguing today, which is one, a rule of statutory construction, or the statute itself, I meant to say. Two, the rule of procedure at issue. And three, the credit report at issue, as well as our precedent. In the statute at issue, it requires maximum possible accuracy in the credit report. Let me start with that then. How should the reports have read from your perspective to ensure maximum accuracy? Was 120 days past due date? And how do we judge that from what standard? You seem to be arguing for a subjective standard and against an objective standard. Is that your position? If Your Honor could clarify. Well, from whose perspective does one decide whether something is less than fully disclosing and transparent and accurate? Whether something is misleading? A reasonable user, Your Honor, and that goes to my second point. That's an objective standard, isn't it? That's an objective standard. You're accepting that there's an objective standard? Yes, Your Honor. Okay. The word reasonable appears frequently throughout the various subsections of this statute, doesn't it? So it has to be an objective standard. Yes, Your Honor. And thank you for the clarification, Judge Jordan. The courts below speculated as to what a reasonable user, well, actually they said reasonable creditor, but it's really a reasonable user. In the reasonable creditor analysis, it presumes some sort of sophistication when a reasonable user could be a landlord, could be a used car dealer, and I don't mean to disparage them, but they could be less sophisticated than what the district courts may have presumed. What should we be looking at? Admittedly, what is bothering me right now, because I haven't seen the answer in law, is that you are focusing not entirely but largely on the pay status entry, right? Yes, Your Honor. But let's wheel back from that and let's look at the entire document, because isn't that a question? Should our review and the application of this objective standard be based not entirely on a single item, unless we can determine that that single item is wrong, is false, is inaccurate, but looking contextually at the entire field of information presented to us? Respectfully, Your Honor, no. So we should close our eyes to what may provide clarification? Is that what you're saying? The standard is even a technically accurate, if misleading, credit report is presented. So is this line that you have focused on inaccurate or is it misleading? Both. Let me ask you this, Mr. Weisberg. By citing that standard, that something can be technically accurate but misleading, aren't you necessarily acknowledging that context matters? Because if something is technically accurate but misleading, it can only be misleading because of the context, right? Technically accurate and misleading are two different standards. I understand that. But you seem to be taking the position that context doesn't matter. Don't pay attention to context. That seems to be the legal position you're asserting. And what I'm asking you is, how can that be consistent with what you just said at the podium, and what you said in your briefing, too, that something can be technically accurate but misleading? If something is viewed in isolation and it's accurate, it's accurate. It can only be misleading if what you're saying is there's something about the context in which that accurate statement is made, which makes it misleading. I don't understand how something can be technically accurate and misleading unless you're making an assertion that you have to view it in context. Can you help me understand what you're saying? Yes, Your Honor. The context is the phrase of pay status, which we argue is a current and not historical. Where does the document use, where does the report use the word current? Where is there anywhere else contextually that would suggest current? The language itself is a count 120 days past due date. And perhaps if that suggests a question, a simple question, when, where is that answered? Where is that question of when answered? Well, Your Honor, in A-153, the joint appendix, you'll see that there was a response to the dispute of October 19, 2018. At the top left of the credit report, A-154, and I'm using one credit report because I think they're illustrative of each other. Are you using the BIDS credit report? I am, Your Honor. All right. I'm looking at it. I'm sorry. Hold on one second. I'm using the Samora credit report, Your Honor. I apologize. All right. Does it matter? Does that make a difference? Right. In this case, they're, and I presume that's why it was consolidated. It does not make a difference as to which credit report we're viewing because in this credit report, just for illustrative purposes, Your Honor, in response to the dispute, there's the date issued at the top left of the credit report, which is October 19, 2018. And that would indicate the pay status because that's when the credit report was furnished. Furnisher being a term of art that I'm not intending to use. And you'll see, Your Honor, before that, below that I mean to say, the historical status, which is January 2015. So even if the court were to view it as a whole, it would both be redundant as a whole to say pay status is the same and also incorrect. Because the pay status is aligned to the date that the credit report is pulled or provided and the rating is the historical block. And thus, the pay status entry, if taken as a whole, if the whole thing is supposed to be historical, Your Honor, then I don't understand what the point of the pay status entry would be. Well, the point of the pay status entry would be to tell a reader of the report when this account was transferred, it was 120 days or plus past due. When this account was shut down and transferred, that was the status. That's how the district courts in each of these cases understood it. That's what they said a reasonable reader would understand from the context. If you took all the trade lines and you looked at the whole thing, that's what they'd understand. Other than your assertion that you don't think a reasonable person would view it that way, is there something else that you can point to that makes you say, yeah, no, that's misleading? You haven't identified anybody that was misled, right? We have not in the complaint, Your Honor. But that does not mean they do not exist. And that goes to my second point, Your Honor. And I humbly say that it was the district court that is speculating on a motion for judgment on the pleadings as to who would be misled or not misled. Well, it's an objective standard. We've agreed on that. Yes, Your Honor. And so it's a matter of law, isn't it? But then at that point, it's not speculation. It's a judge acting in a judge's capacity to say no reasonable person looking at this would be misled. Isn't that the job that the judge had to do? And so it's perfectly fitting to do it at the motion to dismiss stage? I don't know how a judge could do that under the motion to dismiss or motion for judgment on the pleading stage, other than by speculation when accepting the complaint as true, which says it is inaccurate. Wait. Are you suggesting that your assertion that it's inaccurate, which is a legal assertion that it's misleading, your assertion is that because you said it, you have necessarily crossed the threshold of making a claim? Well, not only just because I've said, well, number one, Your Honor, yes, because the complaint has to be read as true. But assuming it doesn't have to. But isn't the standard. I mean, you cited Conley versus Gibson and had to walk that back. Yes, Your Honor. Because that's wrong. Yes, Your Honor. Under Twombly and Iqbal, you have to make a plausible claim. And when our standard as it stands now says we don't have to accept legal conclusions as true, right? That is correct. So when you say this is a misleading thing and no objective and a reasonable person could be misled, since we've agreed this is a legal standard and it's objective, what you're telling us is we have to accept your legal assertion. How can that be true given the governing standard, Mr. Weisberg? The legal assertion, which is split amongst the district courts, both in this eastern district and perhaps nationwide, is that this can be misleading. It's too early to tell, Your Honor. And it has to be misleading. I think we're talking past each other at this point. What you're now arguing is some court's got it right and some court's got it wrong. But that is different than arguing we have to accept your assertion. So, okay, if what we're going to argue about is whether it's legally right or it's legally wrong, then go ahead and move off that. But I'm not getting a lot of sense that you have traction on your assertion that the motion to dismiss stage is too early to make a legal judgment. That's what you were arguing a moment ago, and I'm just not following it. Maybe there's something you could say to correct me. But I think what you're now saying is it is a legal judgment and they got it wrong. Am I correct that that's what you're arguing now? Well, yes, Your Honor.  Okay. And to review the pay status not in isolation with the historical status below is contrary to practicality. So I understand your theory of the case, Mr. Weisberg. Yes. In focusing, as you have on the pay status entry, your theory is not that account 120 days past due date was never accurate, is it? I mean, you're not saying that it was never accurate. Correct. It was not. You're saying it's not accurate now. It's not accurate as of October 19, 2018, as of the Samora. It's not accurate as of that date? Yes. Is that because it should have said was? It should have said was? Yes. And that would have made it accurate. That would have made it accurate or other factual determinations that would have, that could be elicited in evidence or cross examination. I'm not clear here. This is January 20, 2022. Anyone looking at this report is looking at it now. Obviously, unless they can go back in time, they're not looking at it at 10, 19, 2018. So is your theory that it is inaccurate now? Your Honor, I respectfully disagree. The report can be pulled multiple times. So if someone was looking at it January 2022, they would have to pull it again. So it is accurate now. I mean, I still don't understand. Yes, of course it could have been looked at before and maybe was looked at before. As Judge Jordan has pointed out, we don't know from the pleading here whether anybody ever looked at it and determined and relied upon it and relied upon its accuracy. It's inaccurate then and it's inaccurate now. Can I ask one more question? You've said, and there seems to be, maybe I'm misunderstanding, but there seems to be a little bit of a dispute between the parties about the definition of pay status. But the definition of pay status, that's something that doesn't show up on the credit report itself. The credit report, if it was pulled, would not have a definition section describing what pay status is. Am I right about that? Correct, Your Honor. So that's really, to the extent you guys have a dispute about what pay status means, it's irrelevant here because that definition section isn't something anybody ever sees. Am I right? Correct, Your Honor. And thus, they're left to their own speculation. Right. Right. Well, to their own understanding of what's being reflected based on the document. Correct, Your Honor. I got you. Thank you, Your Honor. Judge Restrepo, I think you had a question. I apologize. I don't think I asked you, but did you reserve a rebuttal time? Oh, I did, but I think I went through it. I'm sorry. How much did you reserve? I had asked for five minutes. That's fine. We'll see you again. Okay. Thank you, Your Honors. Let me put my mask back on. Good morning, Miss. Is it Nicodemus? Yes, correct. Good morning, Your Honor. Yes, it is Miss Nicodemus. Thank you. May it please the Court, I'm Camille Nicodemus, and I'm here representing Defendant Appley TransUnion, a consumer reporting agency. This is a case about whether a consumer plausibly states a Fair Credit Reporting Act claim against a consumer reporting agency by speculating that accurate historical information about the consumer's admittedly delinquent payments on an account that shows a $0 balance and a date closed in the past could somehow mislead creditors to conclude that there's a current overdue credit obligation. Is it just creditors, Miss Nicodemus? We've heard Mr. Weisberg say that that's the wrong standard because it gets used by a lot of people other than creditors. What should the objective perspective be? Should it be the reasonable reader, or is there some basis for saying the reasonable creditor, or does it make a difference? Thank you, Your Honor. Your Honor, I was pleased to see that appellants had abandoned their argument on the briefing that it's not an objective standard and to agree that it is an objective standard. And I think it's merely a matter of linguistics, whether one says reasonable user or reasonable creditor. The FCRA provides that consumer reporting agencies must report accurate information when they So it's not just creditors, right? You acknowledge that it's not just creditors that use this, and am I understanding you to say a reasonable reader, a reasonable person is the correct standard? I think that a reasonable creditor or a reasonable person, I think that there's not a distinction really to be made there. Why isn't there a distinction? Creditors are people, by definition, who are working in a specific industry and may have some specific sophistication and knowledge. I'm not sure what you gain by that position. Maybe I'm misunderstanding you. Maybe you're saying, I just think it's a reasonable reader. What are you saying? Okay, so sure. So just using the term creditor, that would be someone who's using the report for the purpose for which the statute provides, right? It could be a creditor, American Express extending credit on an account. It could be a landlord extending credit, so to speak, by Well, it could be an employer who's not extending credit at all. It could be an employer who just is thinking, I want to hire this person and I'm wondering what their credit status is. Would those distinctions that Judge Jordan is raising require some factual development? No. And just to get back to this point, it would be unworkable to have a sliding scale standard, so to speak. Appellants raise this issue about Does the statute provide any suggestion that there are some gradations of reasonableness or that a reasonable person has various subsets like reasonable consumers, reasonable creditors, whatever. No, Your Honor. And a sliding scale would be unworkable for the simple reason that TransUnion prepares a credit report that needs to be accurate and not misleading, but as the court in Bibb said, does not need to be an encyclopedic recitation of every aspect of that line of credit, right? If it's not going to be a sliding scale, Ms. Nicodemus, shouldn't you be happy with and accepting a reasonable reader, a reasonable person? I am happy with that, Your Honor, and my only point was just that I don't think that there is a distinction to be made between a reasonable creditor, a reasonable reader, or a reasonable user. Obviously, the court is not a sophisticated credit industry person like someone at American Express or Chase Bank, right? But the courts are properly in the position of evaluating the reporting to make a determination whether or not it is misleading. Well, some of us, speaking for myself, aren't sophisticated at all. But let's get to the nub of Judge Shuren's inquiry, and that is are we simply left with reasonableness qua reasonableness? That makes it simple, doesn't it? Yes, yes. I mean, this court in its jurisprudence, for example, has under another statutory regime, the FDCPA, set out a very different standard, not just reasonableness, but we looked at the least sophisticated consumer in those cases. We don't have anything like that either in the statutory language or in any of our jurisprudence under this statute, right? Yes, but I think the courts below properly applied a reasonable standard and concluded that it would be illogical for someone to look at a closed account with a zero dollar balance and conclude from that that there's a currently late payment due. What would the consumer have to pay to bring the account current if the balance is zero and the account is in a closed status? So just using a reasonableness analysis, it would be illogical to come to that conclusion. And to use any other standard would, again, require TransUnion to imagine or speculate which is what appellants are doing. Have you taken the position in your briefing that we are required, this court is required, any court would be required to look at all the All the fields, your honor, in connection with this particular line of credit. So a credit report will have any number of So is plaintiff being myopic and focusing almost entirely on pay status? Yes, absolutely, your honor. And the courts below correctly concluded But have courts, other courts or district courts, has this court ever said explicitly that we're required not to just focus on one Or where, in particular, as I understand, Mr. Weisberg to have indicated here, where something might be accurate or technically accurate but misleading. Doesn't that then require us contextually to take a look at the entire document or at least other portions? Yes, your honor. And have we ever said that in an opinion? In looking at the Schweitzer decision, our view is that the court there held that that account was accurate and not misleading. In that instance, the consumer had paid the account off at the time it was put. That's an NPO, right? We've never said it in a presidential opinion, have we? That is correct, your honor. Don't you think that guidance would be helpful to everyone? Not only to district courts but to everyone out there who has any kind of contact with these documents? I think that guidance is very useful and helpful. I would note that Judge Prater, in deciding four of these cases below, the Holland case, the Jackson case, Marie Walker and Daryl Walker, did cite to this court's guidance in the Schweitzer case and noted that the facts were on all fours with the reporting here and that that guidance would lead her to conclude that she should look at the line of credit in its entirety and that in so doing, the pay status could not be misleading to suggest a current liability. And again, we need to remember... Can I ask you a question, Ms. Nicodemus, about a point on which I think you and the plaintiffs agreed but which was a little puzzling to me. In referring to another district court case, Ostrander v. TransUnion, it looked like you were asserting and the plaintiffs were agreeing that how an account balance goes to zero is irrelevant. That is, whether it's paid off or whether it goes to zero because another company buys it and takes the creditor out of the equation. But I'm a little... I was a little nonplussed by that because it seems logical to me that if you say, when this account was closed by transfer, it was 120 days past due. Maybe in context, as you read the whole document, that makes sense. But if you show something as 120 days past due but at a zero balance because it got paid off, that that would be misleading. Do you understand what I'm asking? Like, doesn't it in fact make a difference how an account goes to zero? It does not. And I'll explain. Plaintiff's contention is not that the misleading aspect of it is that it fails to show that he paid the account. He's saying that the misleading aspect of the reporting is the 120 days late. And on the day when plaintiff made those payments, it was in fact late. It doesn't bring the account current when you pay it off, whether you write a check and the account is closed or the balance is transferred to another lender. If it was 120 days late on that day, then it is still late. It's a late payment. And what it does is it brings the account to a zero dollar balance, but it doesn't bring the account into a non-late status. That would occur if the account remained open and on the next month the consumer made a timely payment on the day it was due. Then at that point it would say maximum delinquency, 120 days in such and such a month. And the pay status would be updated to say, you know, current, what have you. But on a closed account, when the account is no longer active. So your assertion is if it was late, it was late. It's great they paid us, but they paid us late, and that's a relevant piece of information. Correct, Your Honor. And it's something that- Relevant to other users of these credit reports. Correct, Your Honor. Creditors extending credit- Want to know credit history. They don't want to know just one piece of information. That is correct. That is correct. And I wanted to just make one point about a reference to the appendix. Counsel for the appellants pointed to a date on the investigation results out of the Samora case, and that was the date on which those investigation results were generated. One would also see a date when a consumer report is generated and provided to the consumer, or a date on a credit report when it's provided to a creditor, right? That is not the date, right, that is looked at in connection with each of those individual accounts, because that's the date that was generated. But each individual account itself has a date opened, a date closed, a date of last payment, monthly boxes that show whether it was okay each month, 30 days late, 60 days late. So going to that date is completely irrelevant. And as Judge Kearney noted at oral argument and bibs, when you're looking at a date closed on a line of credit, you know you're not looking at today's news. You're looking at historical information about the status of that account at the time it was closed. Appellants do not argue that they did not fall into a delinquent state or that these accounts were not late. They speculate that someone could be misled by the accurate pay status notation, which the courts below correctly concluded was simply not plausible. And that is what the court is supposed to do. As this court said in Fowler, making this kind of assessment is a context-specific task that requires the district court to draw on its judicial experience and its common sense in determining whether the allegations in a complaint have plausibly stated a claim. Here under the Fair Credit Reporting Act, inaccurate or misleading reporting is an essential element of the claim in the absence of which the claim will not stand. It's a complete defense to any claim under the Fair Credit Reporting Act that the reporting was accurate and not misleading. So the court did not reach the issue of damages, but as was noted earlier, plaintiffs do not allege that anyone was misled, plaintiffs do not allege that any credit decisions were made against them based on this particular pay status reporting. And I just wanted to touch on one other item that did come up in the briefing, which was this question of credit scores and credit score algorithms, computer algorithms as they've been called. A number of courts, including Judge Savage in three decisions, and Judge Rutter as well, not to mention courts outside of the Eastern District of Pennsylvania have noted that, as we discussed here, it's a reasonable person standard, not a question of whether a computer algorithm or a credit score may improperly assess the information that was accurate provided by TransUnion. So that contention fails as well in a number of cases that have been brought by plaintiffs' counsel. As I'm sure the court is aware, there are many, many dozens of these cases that have been pending. After dismissal on TransUnion's motion for judgment on the pleadings, the consumers have sought leave to amend the complaint to add the computer algorithm claim in those instances in which they hadn't affirmatively alleged it in the complaint in those instances, and those have been denied. And then we have a couple of those denials of motion to amend that have actually just been recently appealed to the Third Circuit here. So we'll address those as well. Let me just see if there's anything else that... If there's nothing else, I think I'm finished. Thank you very much, Ms. Nicodemus. Thank you. Your Honors, Matthew Weisberg for the appellants again. You can take the mask off. I'm sorry. Thank you, Your Honor. I don't know how, as a matter of law, this court could predict how a reasonable user would view this credit report. Why do you say that, Mr. Weisberg? We're asked to predict how reasonable people will view legal documents all the time. What makes this different? And district courts even more frequently. One second, Your Honor. It's an important part of the job. Well, reasonableness, as Chief Judge Sanchez, I believe, noted in a very recent decision, as did Barrow, which we rely heavily on our brief, indicated it's too soon. And it requires an evidentiary standard. In fact, Schweitzer... How does that work? I don't understand. I've read the Schweitzer opinion. It's a district court opinion. It doesn't bind us. That's correct, Your Honor. Walk me through the logistics, if it's an evidentiary standard. So the jury or the fact finder would have to hear from each individual creditor and determine whether they understood the report? Is that what you're headed? Correct, Your Honor. There would be... Well, maybe not each individual. There could be one that denied credit. For example, the landlord. But isn't that subjective now? I don't know. And I recognize I'm walking it back, as Judge Jordan said. I don't know the answer to that. Okay. But I do know that reasonableness, and I respect that district courts all the time have to make legal conclusions about legal arguments, but this is not a, per se, legal argument. I mean, legal document. That's exactly what it is. That's the challenge, right? The challenge being put before the district court was, as a matter of law, no reasonable person could view this and be misled. That is a legal assertion judged by a legal standard, an objective legal standard. Yes, Your Honor. I don't know how the district court, or this court for that matter, respectfully, can make that conclusion as to how a reasonable user would view. For example... Well, then you seem to be backing off what you said before, because what you're asserting is this is really not an objective standard, which is what judges address all the time. This is really a subjective standard, and we've got to go out and gather up evidence and see how people react to it and then decide, based on that subjective standard, whether there's a problem. I'm not sure you can have it both ways. Either there's a subjective standard here or there's an objective standard here, and if it's an objective standard, by definition, there's no need for evidence, right? Yes, Your Honor. Okay. But listening to arguments and Your Honor's questions, I do believe it is premature for the district court to have decided on a motion for judgment or a pleading motion to dismiss, what have you, to speculate as to what a reasonable user would do with this information. A reasonable user, for example, may only look at the pay status. A reasonable user may not even look at the historical status. It may be, as a good opposing counsel said, be done by algorithms that only pull certain pieces of information. I don't know. And neither did the district court, and respectfully, Your Honors, neither does this court. It's a guess as to what reasonable user is looking at what. Unless Your Honors have any more questions, I think I've overused my time. I'd like to correct something. I said a few minutes ago you referred to Barrow, and then you referred to Schweitzer, and I incorrectly said Schweitzer was a district court opinion. It was Howard Pecarium. I was thinking Barrow, which was a very recent district court opinion by Judge Joyner, which does not bind us, of course. Notwithstanding, Your Honor, it's a non-presidential pro se appeal, Pecarium. Thank you, Your Honor. Thank you, Mr. Weissberg. Thanks. Thank you, Judge Council. We will take this under advisement.